﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190516-6089
DATE: March 31, 2020

ORDER

Whether the decision to deny compensation for dermatophytosis, onychomycosis, and tinea pedis was clearly and unmistakably erroneous is dismissed.

Whether the decision to deny compensation for insomnia was clearly and unmistakably erroneous is dismissed.

Whether the decision to deny compensation for nonallopathic lesions, cervical spine was clearly and unmistakably erroneous is dismissed.

Whether the decision to deny compensation for osteoarthritis, left knee was clearly and unmistakably erroneous is dismissed.

Whether the decision to deny compensation for osteoarthritis, right knee was clearly and unmistakably erroneous is dismissed.

Whether the decision to deny compensation for right leg cyst/lipoma removal was clearly and unmistakably erroneous is dismissed.

FINDING OF FACT

On July 24, 2019, prior to the promulgation of a decision in the appeal, the Veteran withdrew his claims as to whether the decision to deny compensation for dermatophytosis, onychomycosis, and tinea pedis; insomnia; nonallopathic lesions, cervical spine; osteoarthritis, left knee; osteoarthritis, right knee; and right leg cyst/lipoma removal were clearly and unmistakably erroneous. 

CONCLUSIONS OF LAW

1. The criteria for withdrawal of the appeal as to whether the decision to deny compensation for dermatophytosis, onychomycosis, and tinea pedis was clearly and unmistakably erroneous have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

2. The criteria for withdrawal of the appeal as to whether the decision to deny compensation for insomnia was clearly and unmistakably erroneous have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

3. The criteria for withdrawal of the appeal as to whether the decision to deny compensation for nonallopathic lesions, cervical spine was clearly and unmistakably erroneous have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

4. The criteria for withdrawal of the appeal as to whether the decision to deny compensation for osteoarthritis, left knee was clearly and unmistakably erroneous have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

5. The criteria for withdrawal of the appeal as to whether the decision to deny compensation for osteoarthritis, right knee was clearly and unmistakably erroneous have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

6. The criteria for withdrawal of the appeal as to whether the decision to deny compensation for right leg cyst/lipoma removal was clearly and unmistakably erroneous have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

REASONS AND BASES FOR FINDING AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA), which went into effect in February 2019. This law created a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. Appeals initiated prior to February 2019 are considered under the legacy appeals framework unless a Veteran opts into the AMA appeals process in response to an adjudication decision issued by the Agency of Original Jurisdiction (AOJ).

The Veteran had active duty service in the United States Army from July 1985 to October 1988, October 2001 to April 2002, February 2004 to December 2004, and December 2008 to April 2014. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a March 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). In the rating decision, the RO confirmed that the prior denials of service connection claims of dermatophytosis, onychomycosis, and tinea pedis; insomnia; nonallopathic lesions, cervical spine; osteoarthritis, left knee; osteoarthritis, right knee; and right cyst/lipoma removal were not clearly and unmistakably erroneous.

In May 2019, the Veteran filed a Decision Review Request: Board Appeal (Notice of Disagreement) (VA Form 10182) and elected the evidence lane. Under the evidence lane, the Board reviews the claims based on the evidence of record at the time of the prior rating, and evidence received within 90 days following receipt of the NOD. 38 C.F.R. § 20.303.

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.205. Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.205. 

(Continued on next page)

In the present case, in July 2019, the Veteran withdrew from appeal the claims of clear and unmistakable evidence in the prior denials of service connection claims for of dermatophytosis, onychomycosis, and tinea pedis; insomnia; nonallopathic lesions, cervical spine; osteoarthritis, left knee; osteoarthritis, right knee; and right cyst/lipoma removal. Hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeals and they must be dismissed.

 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Lee

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.